IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tonya Riley, | C/A. No. 3:18-cv-2447-CMC-PJG |
| Plaintiff | |
| v. | **Opinion and Order** |
| Hardee's; Clarissa Lyles, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* Complaint alleging employment discrimination against Defendants Hardee's and Clarissa Lyles, her former manager. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 25, 2018, the Magistrate Judge issued a Report recommending Defendant Lyles be summarily dismissed without prejudice and without issuance and service of process because Title VII does not authorize a cause of action against an individual.[1] ECF No. 13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff has filed no objections, and the time for doing so has expired.[2]

---

[1] The Magistrate Judge authorized service of process as to Defendant Hardee's, which was served on September 28, 2018. ECF Nos. 14, 18.

[2] Plaintiff did file a change of address notice on October 9, 2018. ECF No. 19. As the Report and the Order directing Plaintiff to notify the clerk of any change in address in writing (ECF Nos. 13, 14) were mailed together on the same day, it is likely Plaintiff received the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation that Defendant Lyles be dismissed. As noted by the Magistrate Judge, Title VII does not permit recovery against individual defendants. *See Lissau v. Southern Food Svc., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding the plaintiff's supervisor, who plaintiff alleged was an "agent" of the employer, was not liable because an "analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."). Accordingly, the court adopts the Report by reference in this Order. Defendant Lyles is entitled to dismissal without prejudice and without issuance and service of process. This matter is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 16, 2018

2