IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tonya Riley, | ) | C/A No. 3:18-2447-CMC-PJG |
|               Plaintiff, | ) ) ) | **ORDER** |
| v. | ) | **AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Hardee's, | ) ) | |
|               Defendants. | ) ) | |

This employment discrimination case is before the court on the defendant's motion to dismiss (ECF No. 54.) Previously, the court held the defendant's motion in abeyance pending resolution of a case pending before the United States Supreme Court. On June 15, 2020, the Supreme Court issued its decision in that case, holding that Title VII's proscription of discrimination because of sex encompasses discrimination based on sexual orientation. Bostock v. Clayton Cty., Georgia, No. 17-1618, 2020 WL 3146686 (U.S. June 15, 2020)

In light of that decision, the court recommends that the defendant's motion to dismiss, which was largely based on Fourth Circuit precedent holding that Title VII did *not* include a proscription against discrimination based on sexual orientation, be denied.[1] The plaintiff is hereby granted twenty-one days to amend her complaint in light of the Supreme Court's decision in

---

[1] The defendant's motion also sought dismissal of any claim based on national origin discrimination, but the plaintiff clarified in her response thereto that she is not bringing such a claim. That portion of the defendant's motion is therefore moot.

Bostock so that she may have the opportunity to formulate her pleading in a manner consistent with the Supreme Court's decision.[2]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 16, 2020
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).