IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tonya Riley,<br><br>                              Plaintiff,<br><br>vs.<br><br>Hardee's[1],<br><br>                              Defendant. | Civil Action No. 3:18-cv-2447-CMC-SVH<br><br>**ORDER** |

This matter is before the court on Plaintiff's *pro se* Complaint alleging discrimination based on sexual orientation by her former employer. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

On November 20, 2019, Defendant filed a motion to dismiss, based in part on Fourth Circuit precedent holding discrimination based on sexual orientation is not actionable under Title VII. Because Plaintiff is proceeding *pro se*, the court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her of the importance of a dispositive motion and the need to file an adequate response. ECF No. 59. After the motion was briefed, the Magistrate Judge entered a Docket Text Order holding it in abeyance pending a decision by the United States Supreme Court in *Bostock v. Clayton County*, No. 17-1618, on the issue whether discrimination based on sexual orientation is actionable under Title VII.

---

[1] Defendant asserts it is improperly identified, and the proper Defendant is "Carolina Convenience Corp." ECF No. 54 at 1.

On June 16, 2020, after the *Bostock* decision, the Magistrate Judge issued a Report granting Plaintiff 21 days to file an Amended Complaint and recommending Defendant's motion to dismiss be denied, as the Supreme Court recognized Title VII protects employees against discrimination based on their sexual orientation or gender identity. *See Bostock*, 590 U.S. __, 140 S. Ct. 1731 (2020).  Plaintiff has now filed an Amended Complaint. ECF No. 77.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report and therefore adopts and incorporates it as part of this Order. Plaintiff has filed an Amended Complaint, alleging only discrimination based on sexual orientation. Defendant's motion to dismiss (ECF No. 54) is denied

without prejudice. This matter is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 27, 2020

3